```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


CENTENNIAL INSURANCE CO.                    CIVIL ACTION

                                            NO: 04-0931 c/w
    VERSUS                                  04-1474, 04-2415,
                                            04-1754, 04-3325

ABDON CALLAIS OFFSHORE, LLC,                SECTION: "J" (2)
ET AL.
```

### ORDER AND REASONS

Before the Court is plaintiff, Centennial Insurance Company's, **Motion for Summary Judgment** (Rec. Doc. 15) on its declaratory action as to coverage owed to defendant, the Estate of Man Van Nguyen.[1] Defendant opposes the motion. Having considered the record, the legal briefs of counsel, and the applicable law, the Court finds that the plaintiff's motion should be GRANTED.

---

[1] The individual defendants originally named in the declaratory action have since filed for protection under Chapter 7 of the Bankruptcy Code, and, as a result, have lost all ownership interest in the present litigation.

**BACKGROUND**

The F/V MISS CHRISTINE II is a shrimping vessel owned at all pertinent times by Man Van Nguyen. On August 23, 2005 the M/V RACHEL CALLAIS collided with the MISS CHRISTINE II. As a result, the MISS CHRISTINE II required approximately $200,000 worth of repairs. Plaintiff, as underwriter for the MISS CHRISTINE II, paid for $172,576.09 in repairs to the vessel itself, but declined to pay for the approximately $28,000 worth of repairs to the nets and trawling gear. Plaintiff based its refusal on two clauses in the insurance contract with defendant that it claims exclude nets and trawling gear from coverage. Plaintiff filed a declaratory action (2:04-cv-01474) seeking to establish that under the contract it did not owe coverage for the damaged nets and trawling gear. The current Motion for Summary Judgment seeks to dispose of that declaratory action.

**LEGAL STANDARD**

Summary judgment is appropriate if the pleadings, discovery, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When making its determination, the Court must draw all justifiable inferences in

favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). The moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). To defeat a properly supported motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence. *Anderson,* 477 U.S. at 251. Rather, for a factual dispute to preclude a grant of summary judgment the evidence must permit a reasonable jury to return a verdict for the nonmoving party. *Id; Merritt-Campbell, Inc. v. RxP Prods., Inc.,* 164 F.3d 957, 961 (5th Cir. 1999).

## DISCUSSION

Plaintiff relies on three provisions of its insurance contract with defendant. The first is a "Net Clause" in the contract's general terms that excludes from coverage fishing and trawling gear damaged "during or as a result of fishing operations." The second is an additional "Net Clause" in the supplemental terms and conditions providing that the insurance company is not liable for damage to boats and/or nets of or used by the covered vessel. This second clause does not have the

language limiting the exclusion to damage while fishing. The third provision is a savings clause requiring multiple clauses on the same subject matter to be applied so as to give meaning to both. Because the Court finds that the first "Net Clause" is sufficient to support summary judgment, the Court will not address the applicability of the other clauses.

**A.   The First "Net Clause"**

The first "Net Clause" reads as follows:

> No claim shall in any case be allowed against this policy for loss of, damage to, or expense in connection with fishing or trawling gear during or as a result of fishing operations. "Fishing gear" and "trawling gear" are defined for the purpose of this clause to include, but such definition is not limited to, lines, nets, trawls, rigging, tackle, booms, doors, and attached appurtenances.

Pl's MSJ Ex. B, Att. 1, General Terms, p. 2.

Plaintiff argues that this plain language exclusion is dispositive. Defendant contests the applicability of the first "Net Clause" on two grounds.

First, defendant contends that the intention of the parties in entering the contract was to exclude only damage incurred from fishing, not damage incurred from a collision. Although the parties' intentions regarding a contract's meaning can be an issue of fact rendering summary judgment inappropriate where the contract is ambiguous, where the contract's wording can be given

a definite legal meaning, the Court should construe the contract as a matter of law. *D.E.W., Inc. v. Local 93, Laborers' Intern. Union of N. Am.*, 957 F.2d 196, 199 (5th Cir. 1992). A contract is not ambiguous merely because the parties disagree as to its meaning. *Id.*

Defendant implies that the first "Net Clause" is either ambiguous, or conversely that it is unambiguous "that this provision covers nets that are lost by and through fishing operations." Def's Opp. Memo at 7. Neither reading of the first "Net Clause" is convincing.

Defendant offers no analysis regarding what terms of the first "Net Clause" are ambiguous or why. Damage is excluded from coverage if it occurs "during <u>or</u> as a result of fishing operations" (emphasis added). Defendant would have the Court read the disjunctive "or" as conjunctive: 'during <u>and</u> as a result of fishing.' Thus, defendant seeks to impose an interpretation that is counter to the plain language of the contract. However, "the words of an insurance contract should be given their plain meaning." *S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 103 (5th Cir. 1993). Although the damage in this case resulted from a collision, not from fishing operations, if the damage occurred "during" fishing operations, that damage is excluded from

coverage by the plain language of the insurance contract.

Defendant next contests the applicability of the first "Net Clause" by challenging whether the damage occurred "during" fishing operations. Defendant refers to deposition testimony of Bin Phu Bui, the pilot of the MISS CHRISTINE II, that the collision occurred between the first and second trawling runs. Bui testifies that, although another pilot would have taken over the vessel for the second trawl, "we didn't even start the second trawling. The accident had already happened." Bui Dep. at 69. However, the questions and answers immediately following this statement clarify that Bui misspoke. Bui clarifies twice that "[a]t the time of the accident, the boat was trawling – okay? – not underway. It's already trawling," and that "Yes. We are trawling." *Id.* at 70, 74. In addition, even if the Court took the initial statement of Bui at face value and ignored the context in which it occurs, the period between the first trawling and the second trawling is manifestly "during fishing operations."

Taking the record as a whole, Bui's quickly retracted statement does not create a sufficient factual dispute for a reasonable jury to return a verdict for defendant.

Defendant further argues that, because the nets were not cut from the ship for some time after the collision, the nets were

not lost "during" fishing operations. However, the first "Net Clause" is perfectly clear that the policy excludes "loss of, damage to, or expense in connection with fishing or trawling gear during or as a result of fishing operations." Even if defendant were correct that the nets were not finally "lost" until long after fishing operations had ceased, they were damaged during fishing operations, and expenses were incurred during fishing operations. Thus under the contract, they are excluded from coverage.

**B.   Plaintiff's Bad Faith**

In addition to summary judgment on the issue of liability for damage to nets and trawling gear, Plaintiff seeks summary judgment on the issue of whether its denial of coverage was in bad faith. Because the Court finds that plaintiff correctly relied on the first "Net Clause" in denying coverage for the nets and trawling gear, plaintiff's reliance was not in bad faith. However, the Court does not rule on any ultimate issues of defendant's counter-claims.

**C.   Electrical Equipment**

In its opposition memorandum, defendant raises a further issue regarding damage to electrical equipment that plaintiff failed to reimburse. However, the motion currently before the

Court relates to plaintiff's declaratory action over coverage of the nets and gear. Defendant improperly raises the issue of coverage for the electrical equipment in its opposition to this motion. Defendant must seek to resolve this issue within the framework of its counter-claims against plaintiff. Accordingly,

**IT IS ORDERED** that plaintiff's **Motion for Summary Judgment** (Rec. Doc. 15) is **GRANTED**.

New Orleans, Louisiana this the 16th day of December, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE